IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| AR-RAAFI NICHOLS,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>CHRISTEL S. CROW,<br>GREGORY LITTLE,<br>DIANE SKORCH,<br>C/O CACIOPPO,<br>A. DESAI, and<br>LT. O'LEARY,<br><br>　　　　　Defendants. | Case No. 25-cv-01577-SPM |

# MEMORANDUM AND ORDER

**MCGLYNN, District Judge:**

　　Plaintiff Ar-Raafi Nichols, an inmate of the Illinois Department of Corrections who is currently incarcerated at Menard Correctional Center, brings this civil action pursuant to 42 U.S.C. § 1983 for violations of his constitutional rights that occurred while he was at Pinckneyville Correctional Center. The Complaint is now before the Court for preliminary review pursuant to 28 U.S.C. § 1915A. Under Section 1915A, any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or requests money damages from a defendant who by law is immune from such relief must be dismissed. *See* 28 U.S.C. § 1915A(b).

THE COMPLAINT

　　Plaintiff alleges the following: On February 9, 2024, Plaintiff went to the commissary, and Ms. Cacioppo, a commissary employee, "refused to shop [him] because [he] file grievances on

her." (Doc. 1, p. 6).

On February 19, 2024, Plaintiff passed out in his cell, hit his head on the floor, and lost consciousness. (Doc. 1, p. 6). Plaintiff was taken to the health care unit, but neither Physician Assistant Desai nor any of the nurses evaluated him for a head injury or a concussion. Instead, he was placed on a twenty-three-hour evaluation by Desai. After five hours had passed, he was removed from the twenty-three-hour evaluation by Lieutenant O'Leary and walked to segregation. Plaintiff was written a disciplinary ticket for "drug and drug paraphernalia." Plaintiff states that he was issued the ticket because staff was retaliating against him for filing grievances and because they wanted to "get rid of" his hardship transfer. (*Id.*). Later that night, Plaintiff again lost consciousness, and he woke up on the floor of his cell. (*Id.* at p. 7).

On February 23, 2024, another inmate in Plaintiff's housing wing started a fire. (Doc. 1, p. 7). The window in Plaintiff's cell did not open, and the entire housing wing filled with smoke. (*Id.*). Plaintiff did not receive medical treatment from two unknown individuals, and he lost consciousness that night. (*Id.*).

On February 28, 2024, Plaintiff went to the commissary, and Ms. Cacioppo again "refused to shop [him]." (Doc. 1, p. 7). She told him he could shop the following week, but he was not allowed to make commissary purchase that next week as well. Plaintiff was prohibited from shopping at the commissary for the entire months of February and March, even though Plaintiff's status was A-Grade. (*Id.*).

On March 5, 2024, a disciplinary hearing on the ticket was held before Lieutenant Little. (Doc. 1, p. 7). Plaintiff was sanctioned with twenty-five days in segregation. Plaintiff states that he was placed in segregation in retaliation for filing grievances on the staff at Pinckneyville Correctional Center. (*Id.*).

PRELIMINARY DISMISSAL

The Court dismisses all claims Plaintiff is intending to bring against Diane Skorch, described as a member of the Adjustment Committee. (Doc. 1, p. 2). Plaintiff does not assert any allegations against Diane Skorch in the Complaint, and merely invoking the name of a potential defendant is not sufficient to state a claim against that individual. *See Collins v. Kibort,* 143 F.3d 331, 334 (7th Cir. 1998) ("A plaintiff cannot state a claim against a defendant by including the defendant's name in the caption.").

DISCUSSION

Based on Plaintiff's allegations and his articulation of his claims, the Court designates the following counts:

**Count 1:** First Amendment claim against Cacioppo, O'Leary, and Little for retaliating against Plaintiff because he filed grievances.

**Count 2:** Fourteenth Amendment claim against O'Leary, Little, and Crow for denying Plaintiff due process.

**Count 3:** Eighth Amendment claim against O'Leary and Desai for denying Plaintiff adequate medical treatment for his serious medical condition that caused him to repeatedly lose consciousness.

The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. **Any other claim that is mentioned in the Complaint but not addressed in this Order should be considered dismissed without prejudice as inadequately pled under the *Twombly*[1] pleading standard.**

### Count 1

To succeed on a First Amendment retaliation claim, Plaintiff must show "that (1) he engaged in activity protected by the First Amendment; (2) he suffered a deprivation that would

---

[1] *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007).

likely deter First Amendment activity in the future; and (3) the First Amendment activity was 'at least a motivating factor' in the Defendants' decision to take the retaliatory action." *Bridges v. Gilbert*, 557 F.3d 541, 546 (7th Cir. 2009) (quoting *Massey v. Johnson,* 457 F.3d 711, 716 (7th Cir. 2006)).

Plaintiff asserts that in retaliation for filing grievances Cacioppo prevented him from making purchases at the commissary, O'Leary placed him in segregation and issued him a disciplinary ticket, and Little sanctioned him with twenty-five days in segregation. The only factual allegation Plaintiff provides to support his conclusion that Defendants' conduct was motivated by the filing of grievances is that Cacioppo personally told Plaintiff on February 9, 2024, that she was refusing to allow him to purchase items at the commissary because he filed grievances against her. Thus, Count 1 will proceed against Cacioppo.

Count 1, however, is dismissed as to O'Leary and Little. Plaintiff offers no supporting facts from which the Court can plausibly infer that O'Leary and Little were motivated to punish Plaintiff with segregation because he filed grievances. Plaintiff does not include any details concerning the grievances or connecting the filing of grievances to the retaliatory acts, such as when the grievances were filed or when and how O'Leary and Little knew about the grievances. *See Manuel v. Nalley,* 966 F. 3d 678, 680 (7th Cir. 2020) ("[t]he motivating factor amounts to a causal link between the activity and the unlawful retaliation."). Based on the factual allegations in the Complaint, Plaintiff has failed to set forth a chronology of events that supports a retaliation claim against O'Leary and Little. *See Zimmerman v. Tribble,* 226 F. 3d 568, 573 (7th Cir. 2000).

**Count 2**

Plaintiff has failed to state a due process claim. As a result of the disciplinary ticket and subsequent disciplinary hearing, Plaintiff served twenty-five days in segregation. (Doc. 1, p. 7).

Plaintiff does not describe his time in segregation, and twenty-five days is "not long enough to deprive him of a liberty interest on its own." *Jackson v. Anastasio,* 150 F. 4th 851, 862 (7th Cir. 2025). Thus, due process was not required prior to his placement in segregation.

The Court further notes that even if Plaintiff had been deprived of a liberty interest, he does include any allegations that he was in fact denied due process. Because he was facing segregation, not the reduction of good time credits, Plaintiff was entitled to only informal due process. "[I]nformal due process requires only that an inmate is provided (1) 'notice of the reasons for the inmate's placement' in segregation and (2) 'an opportunity to present his views,' for instance, in a written statement or at a hearing." *Ealy v. Watson,* 109 F.4th 958, 966 (7th Cir. 2024) (quoting *Adams v. Reagle*, 91 F.4th 880, 895 (7th Cir. 2024)). Plaintiff does not claim that he was not given notice or a chance to present his views or an explanation. And while Plaintiff seems to imply that Little was impartial and sentenced him in retaliation for filing grievances, Plaintiff offers no details in support of this conclusion. Thus, there are no facts from which the Court can make the plausible inference that he was denied due process, and Count 2 is dismissed.

**Count 3**

The Court finds that Count 3 is not properly joined in this case. Plaintiff's assertions that he was not given proper medical care by Physician Assistant Desai and then improperly released from under medical observation at the direction O'Leary on February 19, 2024, are not transactionally related to his only surviving claim in Count 1 – that Cacioppo denied him access to the commissary in retaliation for filing grievances. FED. R. CIV. P. 20; *George v. Smith,* 507 F. 3d 605, 607 (7th Cir. 2007) ("[u]nrelated claims against different defendants belong in different suits"). The Court will exercise its discretion and dismiss Count 3 against Desai and O'Leary. Plaintiff is free to pursue his claim in a separate action. Plaintiff should be mindful that a two-year

statute of limitations applies.

## MOTION FOR RECRUITMENT OF COUNSEL

Plaintiff has filed a Motion for Recruitment of Counsel (Doc. 3), which is **DENIED**.[2] In an attempt to find an attorney on his own, Plaintiff states that he has written to five law firms, but he has only received responses from two. He includes copies of the letters from the two law firms declining representation along with his motion. Accordingly, the Court finds that he has met his threshold burden of demonstrating reasonable efforts to retain counsel on his own.

Nonetheless, the Court also finds that Plaintiff is capable of representing himself, at least for now. Plaintiff indicates that he is in need of representation because he does not understand the law. Plaintiff's limited legal knowledge is not unique to him as a pro se litigant and does not necessarily warrant recruitment of counsel at this time. Plaintiff has already prepared a Complaint that survived screening and has demonstrated an ability to construct coherent sentences and relay information to the Court. This straightforward case is currently proceeding on a single claim against one Defendant and given the early stage of litigation, it is difficult to accurately evaluate the need for assistance of counsel. *See Kadamovas v. Steven*, 706 F.3d 843, 845 (7th Cir. 2013) ("[U]ntil the defendants respond to the complaint, the plaintiff's need for assistance of counsel... cannot be gauged."). Should his situation change as the case proceeds, Plaintiff may file another motion setting forth all facts that support his request for relief.

## DISPOSITION

**IT IS HEREBY ORDERED** that the Complaint survives preliminary review pursuant to 28 U.S.C. § 1915A. **COUNT 1** shall proceed against Cacioppo and is **DISMISSED** against O'Leary and Little. **COUNTS 2** and **3** are **DISMISSED without prejudice.** Because there are no

---

[2] In evaluating the Motion for Recruitment of Counsel, the Court applies the factors discussed in *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007) and related authority.

surviving claims against Crow, Little, Skorch, Desai, and O'Leary, the Clerk of Court is **DIRECTED** to terminate them as defendants.

The Clerk of Court shall prepare for Cacioppo the following: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint, and this Memorandum and Order to the Defendant's place of employment as identified by Plaintiff. If the Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on the Defendant, and the Court will require the Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If the Defendant cannot be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, his or her last known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

The Defendant is **ORDERED** to file an appropriate responsive pleading to the Complaint in a timely manner and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g). **Pursuant to Administrative Order No. 244, The Defendant only needs to respond to the issues stated in this Merit Review Order.**

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, he will be required to pay the full amount of the costs, even though his application to proceed *in forma pauperis* was granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk

of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **14 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: January 6, 2026**

                                           *s/Stephen P. McGlynn*
                                           **STEPHEN P. MCGLYNN**
                                           **United States District Judge**

### NOTICE TO PLAINTIFF

The Court will take the necessary steps to notify the appropriate defendants of your lawsuit and serve them with a copy of your complaint. After service has been achieved, the defendants will enter their appearance and file an Answer to the complaint. It will likely take at least **60 days** from the date of this Order to receive the defendants' Answers, but it is entirely possible that it will take **90 days or more**. When all of the defendants have filed Answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, to give the defendants notice and an opportunity to respond to those motions. Motions filed before defendants' counsel has filed an appearance will generally be denied as premature. Plaintiff need not submit any evidence to the Court at this time, unless otherwise directed by the Court.